IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JUSTIN ROBINETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV536 |
| | ) | |
| DUKE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a number of pending motions, including: (1) the applications of *pro se* Plaintiff Justin Robinette for leave to proceed *in forma pauperis* (Docket Nos. 6 and 7); (2) Plaintiff's motions to compel mediation under the local rules (Docket Nos. 14 and 21); (3) Plaintiff's motions to allow ECF registration (Docket Nos. 16 and 23); (4) the motion of Defendant Duke University to dismiss, strike the complaint, and to stay the time for responsive pleadings (Docket No. 25); (5) the motion to stay the time for responsive pleadings filed by Defendants Clapp, Long Moneta, Powell, and Stotsenberg (Docket No. 27); (6) Plaintiff's motion to disqualify counsel (Docket No. 29); (7) Plaintiff's motion to recover costs of personal service (Docket No. 32); (8) Plaintiff's motions for an extension of time to serve process (Docket Nos. 35 and 38); and (9) the motion of Defendant

Roy Cooper for an extension of time to respond to the complaint (Docket No. 42). Upon review of the filings of the parties, **IT IS ORDERED** that:

(1) Plaintiff's motions to proceed *in forma pauperis* going forward in this litigation are **GRANTED**. In view of this ruling, the Court will order the U.S. Marshal to effect proper service of process upon the Defendants, if necessary,[1] contingent upon (a) Plaintiff filing an amended complaint that complies with Rule 8, Fed. R. Civ. P., as described below, and (b) Plaintiff submitting to the Clerk a properly completed summons and a copy of the amended complaint for each Defendant named in the amended complaint. (Docket Nos. 6 and 7.)

(2) Plaintiff's motions to compel mediation pursuant to the local rules of this Court are **DENIED** at this time. Cases wherein a party appears *pro se* are not automatically selected for mediation under the local rules. *See* LR83.9b(a). The Court finds no reason to exercise its discretion at this time to order mediation. *See* LR83.9b(b). (Docket Nos. 14 and 21.)

(3) Plaintiff's motions to allow ECF registration are **GRANTED**, solely for the purpose of this action, subject to Plaintiff's completing the training session conducted by the

---

[1] Plaintiff now proceeds *pro se*. Therefore, process upon Defendants must be served by the U.S. Marshal. Fed. R. Civ. P. 4(c)(3). If Plaintiff files an amended complaint, the Court will determine which Defendants have entered general appearances without maintaining service of process defenses. All other Defendants will be served by the Marshal, so long as Plaintiff submits completed summonses and sufficient copies of the amended complaint.

Clerk as required by LR5.3 and the Middle District of North Carolina Electronic Case Filing CM/ECF User's Manual. Until registration, Plaintiff must serve filings upon Defendants in accordance with Fed. R. Civ. P. 5(a) and (b). (Docket Nos. 16 and 23.)

(4) Plaintiff's motion to disqualify counsel for Defendants Duke University, Forrest, Shen, Feaver, and Tasher is **DENIED** as without merit. Plaintiff argues in support of his motion that "each defendant's negotiations with the plaintiff could be different." (Docket No. 29, ¶ 2.) This argument is a wholly insufficient basis for denying the Defendants the counsel of their choice in this civil action. (Docket No. 29.)

(5) Plaintiff's motion for an extension of time to serve process is **GRANTED**. The time for service is extended to 90 days following the filing of an amended complaint by Plaintiff, should Plaintiff elect to make such a filing. (Docket Nos. 35 and 38.)

(6) Defendant Cooper's motion for an extension of time to respond to the complaint is **GRANTED** indefinitely, with the additional directive that Defendant need not respond in any fashion to the original complaint. The time for responding to an amended complaint which Plaintiff may elect to file is as established by the federal rules. (Docket No. 42.)

(7) The motions to stay and toll the time for responsive pleadings are **GRANTED**. This stay is applicable to all Defendants named in the complaint. If Plaintiff elects to file an amended complaint, the time for response by each Defendant shall be as established by the federal rules. (Docket Nos. 25 and 27.)

(8) Plaintiff's motion to recover costs of personal service is **RESERVED** for later disposition. (Docket No. 32.)

**IT IS SO ORDERED**.

Further, upon review of the filings of the parties, **IT IS RECOMMENDED** that the complaint filed by Plaintiff Robinette, Docket Nos. 1 and 2, be stricken and dismissed without prejudice for Plaintiff's failure to comply with Fed. R. Civ. P. 8. The complaint is comprised of 224 pages, over 2,000 paragraphs, and 65 claims for relief, and names 46 Defendants. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Rule 8(d)(1). Review of Plaintiff's complaint shows that it is in blatant violation of Rule 8, and is replete with redundancies and irrelevancies. Plaintiff's *pro se* status does not excuse him from compliance with the basic dictates of Rule 8. Complaints far less over-long and burdensome than that of Plaintiff Robinette are routinely struck by the federal courts. *See McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)(affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Mireles v. Infogroup/Opinion Research Corp.*, No. 3:11-cv-00503-RCJ-VPC, 2011 WL 4834465, at *2 (D. Nev. Oct. 7, 2011)(granting dismissal with leave to amend); *Carrington v. Duke Univ.*, No. 1:08CV119, Mem. Op. at 175-76 (M.D.N.C. Mar. 31, 2011); and *McFadyen v. Duke Univ.*, 786 F. Supp. 2d 887, 1014-15 (M.D.N.C. Mar. 31, 2011).

Dismissal should be without prejudice to Plaintiff's filing an amended complaint that complies with Rule 8 within 60 days of any order adopting this Recommendation. (Docket No. 25.)

**IT IS SO RECOMMENDED**.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: November 14, 2011